1 | Howard Kollitz (State Bar No. 059611)
   | *hkollitz@dgdk.com*
2 | Michael G. D'Alba (State Bar No. 264403)
   | *mdalba@dgdk.com*
3 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
   | 1900 Avenue of the Stars, 11th Floor
4 | Los Angeles, California 90067-4402
   | Telephone:   (310) 277-0077
5 | Facsimile:   (310) 277-5735

6 | Attorneys for Plaintiff, Richard K. Diamond, as
   | Chapter 7 Trustee

7 |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:15-bk-14744-BB |
| VIDEO SYMPHONY ENTERTRAINING, INC., etc., | Chapter 7 |
| Debtor. | Adv. No. _____ |
| RICHARD K. DIAMOND, as Chapter 7 Trustee, | COMPLAINT FOR: [1] DECLARATORY RELIEF AS TO SALES OF ACCOUNTS RECEIVABLE; [2] AN ACCOUNTING; [3] TURNOVER OF ESTATE PROPERTY UNDER 11 U.S.C. § 542; [4] MONEY DAMAGES FOR VIOLATIONS OF AUTOMATIC STAY UNDER 11 U.S.C. § 105; [5] AVOIDANCE OF UNPERFECTED TRANSFERS UNDER 11 U.S.C. § 544(a); [6] AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547; [7] AVOIDANCE OF FRAUDULENT TRANSFERS AND/OR AVOIDABLE TRANSACTIONS UNDER 11 U.S.C. §§ 544(b), 548; [8] MONEY DAMAGES FOR BREACHES OF FIDUCIARY DUTIES; [9] MONEY DAMAGES FOR LEGAL MALPRACTICE; [10] MONEY DAMAGES FOR INTERFERENCE WITH CONTRACTS; [11] RECOVERY OF MONEY TO AVOID UNJUST ENRICHMENT; AND, [12] INJUNCTIVE RELIEF |
| Plaintiff, | |
| vs. | |
| MICHAEL GERARD FLANAGAN, an individual, dba Debt Enforcement Law Group, dba Law Office of Mike Flanagan; MICHAEL GERARD FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; ALICE YICK FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; VIDEO SYMPHONY, LLC, a California limited liability company, | |
| Defendants. | Date:   [See Summons]<br>Time:   [See Summons]<br>Place:   Courtroom "1475"<br>255 E. Temple Street<br>Los Angeles, California 90012 |

1340783.3   1514744A

1  Plaintiff alleges:

2

3  ## JURISDICTION AND VENUE

4

5      1.    This Court has jurisdiction over this adversary proceeding ("this Action") pursuant

6  to 28 U.S.C. §§ 157 and 1334.  This Action is commenced pursuant to 11 U.S.C. §§§§ 542, 544,

7  547 and 548 as well as other applicable law.  This Action is a core proceeding under 28 U.S.C. §

8  157(b)(2)(A), (E), (F), (H), (M) and (O).  This Action arises in the pending Bankruptcy Case under

9  Chapter 7 of Title 11 of the United States Code ("the Code") which is entitled, "In re Video

10  Symphony Entertraining, Inc., Debtor," and which has been assigned case number 2:15-bk-14744-

11  BB ("the Bankruptcy Case") in the United States Bankruptcy Court for the Central District of

12  California, Los Angeles Division ("this Court").  Venue is proper in this Court pursuant to 28

13  U.S.C. § 1409(a).  Plaintiff consents to the entry in this Action of final orders and judgment by this

14  Court.

15

16  ## THE PARTIES

17

18      2.    The Plaintiff is Richard K. Diamond, as the trustee ("Plaintiff" or "Trustee") for the

19  Bankruptcy Estate ("the Estate") of Video Symphony Entertraining, Inc., as Chapter 7 debtor

20  ("VSE" or "Debtor").  Plaintiff brings this Action exclusively in his capacity as the Chapter 7

21  trustee for the Estate.

22

23      3.    Defendant Michael Gerard Flanagan ("Michael") is an individual residing in the

24  County of Los Angeles, State of California.  Plaintiff is informed and believes and, based thereon,

25  alleges that Michael is a member of the State Bar of California and, at all relevant times, has

26  practiced law in the County of Los Angeles using the names, "Debt Enforcement Law Group"

27  and/or "Law Office of Mike Flanagan."

28

1340783.3  1514744A

4.    Plaintiff is informed and believes and, based thereon, alleges that Michael is a trustee of The Michael and Alice Flanagan Family Trust Dated July 25, 2009 ("Flanagan Trust"). References to "Michael" in this Complaint are references to, and mean, jointly and severally, both Michael, individually, and as trustee of the Flanagan Trust.

5.    Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, Defendant Alice Yick Flanagan was an individual residing in the County of Los Angeles, State of California, and a trustee of the Flanagan Trust (in such capacity as a trustee, "Alice").

6.    Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, Michael Gerard Flanagan and Alice Yick Flanagan have been husband and wife.

7.    Plaintiff is informed and believes and, based thereon, alleges that Defendant Video Symphony, LLC ("Video LLC") purports to be a California limited liability company organized by Michael in April of 2015 and doing business in the County of Los Angeles, State of California, as its sole member and sole manager.

8.    Michael, Alice, Video LLC, and others, whose identities are presently unknown to Plaintiff, are, jointly and severally, referred to in this Complaint as, "the Defendants."  Plaintiff will amend this Complaint to set forth the identities of the presently unknown Defendants when such identities are ascertained.

## **GENERAL ALLEGATIONS**

9.    Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, each of the Defendants herein aided and abetted each of the other Defendants in doing and refraining from doing all of the things complained of herein.

1340783.3  1514744A                                    3

10.     Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, each and all of the transactions and other things complained of herein were done pursuant to, and in furtherance of, a corrupt and fraudulent conspiracy to which the Defendants were parties and which had, as some of its primary objectives, the control of the Debtor, as well as the misappropriation and looting of the Debtor's assets for the pecuniary gain of the Defendants.

11.     Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, in doing the things and not doing the things complained of herein, each of the Defendants acted as the agent and employee of each of the other Defendants, and acted within the course and scope of such agency and employment.

12.     Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, the Flanagan Trust and Video LLC were each the alter ego of Michael so that to recognize the separate existence of either the Flanagan Trust or Video LLC as a distinct legal entity separate and apart from Michael would be inequitable and perpetrate a fraud upon the Plaintiff and legitimate creditors of the Debtor.

13.     Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, Video LLC was the alter ego of the Flanagan Trust so that to recognize the separate existence of Video LLC as a distinct legal entity separate and apart from the Flanagan Trust would be inequitable and perpetrate a fraud upon the Plaintiff and legitimate creditors of the Debtor.

14.     Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, the Defendants were in control of the Debtor and Defendants owed fiduciary duties to the Debtor including, without limitation, the duty to protect and preserve the assets and business of the Debtor, the duty to use reasonable care in managing the affairs of the Debtor, and the duty of loyalty.

15.    Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, Michael acted as attorney at law on behalf of, and for, VSE as the client and, as such attorney, owed duties to the Debtor to advise and represent the Debtor in a competent and ethical manner including, without limitation, the avoidance of conflicts of interests as between Michael and VSE.

16.    At all relevant times, prior to the commencement of the Bankruptcy Case, the Debtor purported to be a corporation organized under the laws of the State of California.  At all relevant times prior to the commencement of the Bankruptcy Case, the Debtor operated a "for profit" school which was located in Burbank, California, and which provided vocational training for jobs in the entertainment industry.

17.    At all relevant times, Michael was the President, sole stockholder and a Director of the Debtor in addition to acting as an attorney at law on behalf of VSE.

18.    Prior to the commencement of the Bankruptcy Case, the Debtor and its students entered into agreements requiring, among other things, students to pay tuition to attend the Debtor's school and for VSE to provide educational instruction to the students (collectively, "the Tuition Contracts").  The Debtor extended credit to hundreds of its students, who thereby became indebted to the Debtor in connection with the Tuition Contracts.

19.    By a Bill of Sale dated June 15, 2014 ("the First Bill of Sale"), the Debtor sold to Michael all of the Debtor's interests in certain student "accounts receivable" for students who agreed to, and did, enroll in programs which started before July 1, 2013.  Michael personally drafted the First Bill of Sale and signed the First Bill of Sale on behalf of both himself, as "buyer," and on behalf of the Debtor, as "seller."  A copy of the First Bill of Sale is attached hereto as Exhibit "1" and, by this reference, fully incorporated herein.

20.    The First Bill of Sale describes the purchase price for the accounts receivable in question as being $800,000 with required payments as follows:  $700,000 to be paid to Community Bank ("the Bank") on behalf of the Debtor, in partial payment of the Debtor's then existing line of credit with the Bank, and $100,000 to be paid directly to the Debtor.  Plaintiff is informed and believes and, based thereon, alleges that the then actual and realizable value of the accounts receivable, subject to the First Bill of Sale, exceeded the purchase price of $800,000.

21.    By a Second Bill of Sale dated December 17, 2014 ("the Second Bill of Sale"), the Debtor sold to Michael all of the Debtor's interests in certain student "accounts receivable" for students who agreed to, and did, enroll in programs that started (on or) after July 1, 2013.  Michael personally drafted the Second Bill of Sale and signed the Second Bill of Sale both on behalf of himself, as "buyer," and on behalf of the Debtor, as "seller."  A copy of the Second Bill of Sale is attached hereto as Exhibit "2" and, by this reference, fully incorporated herein.

22.    The Second Bill of Sale describes the Purchase Price for the accounts receivable in question as being $850,000 to be paid to the Bank on behalf of the Debtor, in partial payment of the Debtor's then existing line of credit balance with the Bank.  Plaintiff is informed and believes and, based thereon, alleges that the then actual and realizable value of the accounts receivable, subject to the Second Bill of Sale, exceeded the purchase price of $850,000.  The First Bill of Sale and the Second Bill of Sale are hereinafter referred to, jointly and severally, as "the Bills of Sale."

23.    Michael and the Flanagan Trust were both, at all relevant times, guarantors of the Debtor's line of credit and all other obligations of VSE to the Bank including, without limitation, the obligations upon which the Bank was, in fact, paid no less than $1,550,000 by the Debtor from the proceeds of the sales which were the subject of the Bills of Sale.

24.    Plaintiff is informed and believes and, based thereon, alleges that the Bills of Sale were intended to effect a transfer of certain, but not all, accounts receivable of VSE to, and for the

1  benefit of, the Defendants (whatever accounts were subject to the Bills of Sale, are referred to

2  herein, collectively, as, "the Accounts") and that the Accounts then had, and have, a fair realizable

3  value in excess of $1,650,000.

4

5      25.    No financing statement under the California Uniform Commercial Code ("the

6  UCC") was ever filed with the California Secretary of State or otherwise in connection with the

7  sales of the Accounts which were the subject of the Bills of Sale.

8

9      26.    On March 27, 2015 ("the Petition Date"), an involuntary petition for relief under

10  Chapter 7 of the Code was filed against the Debtor ("the Involuntary Petition"). Plaintiff is

11  informed and believes and, based thereon, alleges that the petitioning creditors included former

12  instructors and employees of VSE who were owed money by the Debtor.

13

14      27.    Plaintiff is informed and believes and, based thereon, alleges that, before and after

15  the Petition Date during 2014 and 2015, Michael caused the Debtor to sell, without authority of this

16  Court or any other court, and outside of the ordinary course of VSE's business, tangible assets of

17  the Debtor to numerous buyers, which assets then had a fair realizable value in excess of the

18  purchase prices, in exact amounts to be determined according to proof (collectively, "the Tangible

19  Assets").

20

21      28.    Plaintiff is informed and believes and, based thereon, alleges that Michael formed

22  Video LLC on April 2, 2015 to collect on the Accounts which Michael had caused VSE to sell to

23  Michael under the Bills of Sale. Plaintiff is informed and believes and, based thereon, alleges that

24  Michael assigned to Video LLC rights to collect the Accounts.

25

26      29.    Plaintiff is informed and believes and, based thereon, alleges that the Defendants

27  have made, and are presently making, demands for payment upon former students of the Debtor

28  who are account debtors, as well as engaging in other collection actions as to the Accounts.

30.     Plaintiff is informed and believes and, based thereon, alleges that Michael and/or Video LLC commenced, and are prosecuting, lawsuits to compel the payment of the Accounts to the Defendants.  Attached hereto as Exhibit "3" and, by this reference, fully incorporated herein is a list of collection actions commenced by Michael and/or Video LLC on the Accounts and which Plaintiff has identified as of the filing of this Complaint.  Plaintiff is informed and believes and, based thereon, alleges that there are pending collection actions on the Accounts in addition to those identified in Exhibit "3" attached hereto (collectively, "the Collection Lawsuits").

31.     Plaintiff is informed and believes and, based thereon, alleges that Michael, doing business as "the Law Office of Mike Flanagan" and/or "the Debt Enforcement Law Group," is representing Michael and/or Video LLC in the Collection Lawsuits and in other ongoing efforts to collect on the Accounts.

32.     As noted, above, the Involuntary Petition was filed on March 27, 2015.  On August 12, 2015, the Court entered an Order for relief on the Involuntary Petition in the Bankruptcy Case. On August 21, 2015, the Plaintiff was appointed as the Chapter 7 trustee in the Bankruptcy Case.

33.     Plaintiff has demanded in writing that Michael and Video LLC cease and desist from collecting the Accounts, provide on accounting for all monies collected, or remaining to be collected, and turn over all monies collected and the Accounts to Plaintiff ("the Cease and Desist Demand").  The Defendants have failed and refused to comply with Plaintiff's Cease and Desist Demand.

34.     Plaintiff is informed and believes and, based thereon, alleges that Michael and/or Video LLC have possession of, and now withhold from Plaintiff, property of the Estate of a value in an amount to be determined according to proof.

35.     Plaintiff is informed and believes and, based thereon, alleges that, at all relevant times, the Debtor was insolvent within the meaning of the Code and other applicable law.

## FIRST CLAIM FOR RELIEF

[For Declaratory Relief]

36.     Plaintiff refers to and, by this reference, fully incorporates and alleges herein each and all of the allegations of Paragraphs 1 through 35, inclusive, of this Complaint.

37.     The Accounts sold under the Bills of Sale were, and are, "accounts" within the meaning of the UCC § 9102(2), which defines "account" as, among other things, "a right to payment of a monetary obligation, whether or not earned by performance . . . for services rendered or to be rendered . . . ."

38.     UCC § 9109(a)(3) provides that Division 9 of the UCC applies to, among other things, "any sale of accounts." Division 9 of the UCC applies to the Debtor's sale to Michael of the Accounts pursuant to the Bills of Sale.

39.     UCC § 1201(35) defines "security interest" as including any interest of a buyer of accounts in a transaction that is subject to Division 9 of the UCC. Accordingly, Michael's interest in the Accounts is a "security interest" within the meaning of the UCC because Michael purchased the Accounts pursuant to the Bills of Sale.

40.     The Bills of Sale constitute "security agreements" within the meaning of UCC § 9102(74), which defines "security agreement" as an agreement that creates or provides for a security interest.

41.     Pursuant to UCC § 9203(a) and (b)(3)(A), the Bills of Sale, as security agreements, did not become effective as against VSE, as a debtor and prior to the Petition Date, because the Bills of Sale did not provide the requisite description of the collateral, as the property sold, so that the Accounts were not transferred and remained property of VSE after the Bills of Sale, and thereafter constituted property of the Estate as of the Petition Date under Section 541 of the Code and the UCC.

42.     Pursuant to UCC § 9310(a), a financing statement must be filed to perfect a security interest as to accounts.  No such financing statement was ever filed in connection with the sales of the Accounts under the Bills of Sale.

43.     Pursuant to UCC § 9318(b), as of the Petition Date, the Debtor was "deemed to have rights and title" to the Accounts because Michael's security interest (purchase) of the Accounts was and remains unperfected, so that the Accounts constituted property of the Estate under Section 541 of the Code and the UCC, on and after the Petition Date.

44.     Ownership of the Accounts was never transferred to Michael under the Bills of Sale or otherwise by virtue of the provisions of UCC § 9203(a) and (b)(3)(A) and, on a separate and independent basis, by virtue of the provisions of UCC § 9318(b).

45.     Pursuant to section 541 of the Code, the Accounts constituted property of the Estate as of the Petition Date and, at all relevant times, thereafter.

46.     An actual controversy exists as between the Plaintiff, on the one hand, and the Defendants, on the other hand, concerning the ownership of the Accounts and their proceeds, such that the Plaintiff is entitled to a determination by this Court that the Defendants never acquired any enforceable interest in the Accounts under the Bills of Sale or otherwise, and that the Accounts and their proceeds are, and remain, the property of the Estate as of, and after, the Petition Date.

**SECOND CLAIM FOR RELIEF**

[For an Accounting]

47.    Plaintiff refers to, and by this reference, fully incorporates and alleges herein each and all of the allegations of Paragraphs 1 through 46, inclusive, of this Complaint.

48.    Plaintiff is entitled to an Order of this Court directing the Defendants to provide to the Trustee an accounting as to the Accounts which includes, among other relevant information and as of the date of each of the Bills of Sale: the name of each account debtor for each of the Accounts; the address for each account debtor for each of the Accounts; the current balance owed by each account debtor for each of the Accounts; the amounts paid by each account debtor since the inception of each of the Accounts; and, the amounts and current locations of all proceeds of the Accounts.

49.    Plaintiff is entitled to an Order of this Court directing the Defendants to provide to the Trustee an accounting as to the Tangible Assets which includes, among other relevant information, the name and address for each buyer of the Tangible Assets, the amount and date of payment therefor, with a specific description of the property sold, as well as the amounts and current location of all proceeds of sale.

**THIRD CLAIM FOR RELIEF**

[For Turnover Under 11 U.S.C §542]

50.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each and all of the allegations of Paragraphs 1 through 49, inclusive, of this Complaint.

51.    Under Section 542 of the Code, Plaintiff is entitled to an Order of this Court directing the Defendants to immediately turn over to the Trustee any and all information in

1 whatever form, whether tangible or electronic or otherwise, which evidences or pertains to any and

2 all of the Accounts and the Tangible Assets as well as an Order directing the Defendants to

3 immediately turn over all proceeds of the Accounts and Tangible Assets, whether in the form of

4 cash or otherwise.

5

6 **FOURTH CLAIM FOR RELIEF**

7 [For Money Damages For Violation Of 11 U.S.C. § 362]

8

9 52.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

10 and all of the allegations of Paragraphs 1 through 51, inclusive, of this Complaint.

11

12 53.    Plaintiff is entitled to a judgment for money against the Defendants under Section

13 105 of the Code and other applicable law, for Defendants' intentional violations of the automatic

14 stay under Section 362(a) of the Code involving their intentional and outrageous conduct in

15 collecting and attempting to collect the Accounts, which are property of the Estate, as well as their

16 failure to deliver the Accounts and all proceeds of the Accounts to the Trustee, in an amount

17 according to proof.

18

19 **FIFTH CLAIM FOR RELIEF**

20 [For Avoidance Of Transfer Under 11 U.S.C. § 544(a)]

21

22 54.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

23 and all of the allegations of Paragraphs 1 through 40, inclusive, and Paragraph 42 of this

24 Complaint.

25

26 55.    Pursuant to Sections 544(a) and 550 of the Code, the Plaintiff was, as of the Petition

27 Date, a lien creditor as to the Accounts, so that the Trustee is entitled to avoid Michael's

28 unperfected security interest in (purchase of) the Accounts and obtain a judgment against the

1   Defendants requiring the Defendants to surrender to the Trustee the Accounts and all proceeds

2   thereof, or pay to the Trustee the cash value thereof, according to the proof, and as the Plaintiff may

3   elect.

4

5                                    **SIXTH CLAIM FOR RELIEF**

6                        [To Avoid Preferential Transfers Under 11 U.S.C. § 547]

7

8        56.        Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

9   and all of the allegations of Paragraphs 1 through 40, inclusive, and Paragraph 42 of this

10  Complaint.

11

12       57.        Pursuant to Section 547(e) of the Code, the unperfected transfers of the Accounts

13  made by the Debtor to Michael under the Bills of Sale (jointly and severally, "the Subject

14  Transfers") are deemed to have been made on the Petition Date and immediately prior to the filing

15  of the Involuntary Petition.

16

17       58.        The Subject Transfers, deemed effective as of the Petition Date and immediately

18  prior to the filing of the Involuntary Petition, were made to Michael who was then a creditor of the

19  Debtor.

20

21       59.        The Subject Transfers of the Accounts to Michael were made on account of an

22  antecedent debt owed by the Debtor to Michael.

23

24       60.        The Subject Transfers to Michael were made while the Debtor was insolvent.

25

26       61.        The Subject Transfers to Michael enabled Michael, as a creditor, to receive more

27  than Michael would have received if the Bankruptcy Case was a case under Chapter 7 of the Code,

28  the Subject Transfers had not been made and Michael received payment of such debt to such extent

1    provided by the provisions of the Code.

2

3        62.        Pursuant to Sections 547 and 550 of the Code as well as other applicable law, the

4    Trustee is entitled to a judgment for money against the Defendants in an amount to be determined

5    according to proof.

6

7                              **SEVENTH CLAIM FOR RELIEF**

8                    [To Avoid Preferential Transfers Under 11 U.S.C. § 547]

9

10       63.        Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

11    and all of the allegations of Paragraphs 56 and 57 of this Complaint.

12

13       64.        The Subject Transfers, deemed effective on the Petition Date and immediately

14    prior to the filing of the Involuntary Petition, were made for the benefit of both Michael and the

15    Flanagan Trust, who were then creditors of the Debtor, as guarantors of the Debtor's obligations to

16    the Bank.

17

18       65.        The Subject Transfers were made on account of antecedent debts owed by the

19    Debtor to Michael and to the Flanagan Trust.

20

21       66.        The Subject Transfers were made for the benefit of Michael and the Flanagan

22    Trust while the Debtor was insolvent.

23

24       67.        The Subject Transfers enabled Michael and the Flanagan Trust, as creditors of the

25    Debtor, to each recover more than Michael and the Flanagan Trust, or either of them, would have

26    received if the Bankruptcy Case was a case under Chapter 7 of the Code, the Subject Transfers had

27    not been made, and Michael and the Flanagan Trust received payment of such debts to such extent

28    provided by the provisions of the Code.

1340783.3  1514744A                              14

1    68.    Pursuant to Sections 547 and 550 of the Code, the Trustee is entitled to a judgment

2    for money against the Defendants in an amount to be determined according to proof.

3

4                            **EIGHTH CLAIM FOR RELIEF**

5              [For Avoidance of Fraudulent Transfers And/Or Avoidable Transactions]

6

7    69.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

8    and all of the allegations of Paragraphs 1 through 35, inclusive, of this Complaint.

9

10    70.    Plaintiff is informed and believes and, based thereon, alleges that the transfers of

11    the Accounts under the Bills of Sale (jointly and severally, "the Subject Transfers") were made by

12    the Debtor with the actual intent to hinder, delay, or defraud one or more of the Debtor's creditors.

13

14    71.    Pursuant to Sections 544, 548(a)(1)(A), and 550 of the Code, and other applicable

15    law including, without limitation, California Civil Code Sections 3439.04(a)(1) and 3439.07,

16    Plaintiff is entitled to avoid the Subject Transfers and to recover from Defendants the value of the

17    Accounts in an amount according to proof.

18

19                            **NINTH CLAIM FOR RELIEF**

20              [For Avoidance Of Fraudulent Transfers And/Or Avoidable Transactions]

21

22    72.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

23    and all of the allegations of Paragraphs 1 through 35, inclusive, of this Complaint.

24

25    73.    Plaintiff is informed and believes and, based thereon, alleges that the Debtor made

26    the transfers of the Accounts under the Bills of Sale (jointly and severally, "the Subject Transfers"),

27    without receiving fair consideration or reasonably equivalent value in exchange.

28

74.     Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers occurred at a time when the Debtor was insolvent, or as a result of which, the Debtor became insolvent.

75.     Pursuant to Sections 544, 548(a)(1)(B)(ii)(I), and 550 of the Code, and other applicable law including, without limitation, California Civil Code Sections 3439.05 and 3439.07, Plaintiff is entitled to avoid the Subject Transfers and to recover from Defendants the value of the Accounts in an amount according to proof.

## TENTH CLAIM FOR RELIEF

[For Avoidance Of Fraudulent Transfers And/Or Avoidable Transactions]

76.     Plaintiff refers to and, by this reference, fully incorporates and alleges herein each and all of the allegations of Paragraphs 1 through 35, inclusive, of this Complaint.

77.     Plaintiff is informed and believes and, based thereon, alleges that, the Debtor made the transfers of the Accounts under the Bills of Sale (jointly and severally, "the Subject Transfers"), without receiving fair consideration or reasonably equivalent value in exchange.

78.     Plaintiff is informed and believes and, based thereon, alleges that when the Debtor made the Subject Transfers, the Debtor was engaged in, or was about to engage in, business or a transaction, for which any property remaining with the Debtor was unreasonably small.

79.     Pursuant to Sections 544, 548(a)(1)(B)(ii)(II), and 550 of the Code, and other applicable law including, without limitation, California Civil Code Sections 3439.04(a)(2)(A) and 3439.07, Plaintiff is entitled to avoid the Subject Transfers and to recover from the Defendants the value of the Accounts in an amount according to proof.

**ELEVENTH CLAIM FOR RELIEF**

[For Avoidance Of Fraudulent Transfers And/Or Avoidable Transactions]

80.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each and all of the allegations of Paragraphs 1 through 35, inclusive, of this Complaint.

81.    Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the transfers of the Accounts under the Bills of Sale (jointly and severally, "the Subject Transfers"), without receiving fair consideration or reasonably equivalent value in exchange.

82.    Plaintiff is informed and believes and, based thereon, alleges that, when the Debtor made the Subject Transfers, it intended to incur, or believed or reasonably should have believed that the Debtor would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

83.    Pursuant to Sections 544, 548(a)(1)(B)(ii)(III), and 550 of the Code, and other applicable law including, without limitation, California Civil Code Sections 3439.04(a)(2)(B) and 3439.07, Plaintiff is entitled to avoid the Subject Transfers and to recover from the Defendants the value of the Accounts in an amount according to proof.

**TWELFTH CLAIM FOR RELIEF**

[Breaches Of Fiduciary Duties]

84.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each and all of the allegations of Paragraphs 1 through 35, inclusive, of this Complaint.

85.    At all relevant times, the Debtor was a participant, as an educational business, in student loan programs administered by the Department of Education of the United States (the

1340783.3  1514744A                                                  17

1  "DOE").  Students enrolled with the Debtor, directly or indirectly, borrowed money through the

2  DOE to pay for their attendance at the Debtor's school.

3

4      86.      As an authorized loan participant whose students received funding from the DOE,

5  the Debtor was obliged to, among other things, comply with all applicable Federal statutes and

6  regulations as well as to account for and use Federal moneys advanced to the Debtor for the benefit

7  of students in conformity with such Federal statutes and regulations.

8

9      87.      While Michael controlled the Debtor, in 2013 and 2014, Michael took actions and

10 refrained from taking actions which violated Federal statutes and regulations in connection with

11 DOE loans.  Michael's actions and inactions resulted in, among other things, the DOE's denial of

12 the Debtor's request of September of 2014 for payments totaling $756,495.00 and the DOE

13 revoking in December of 2014 the Debtor's eligibility to participate, and receive moneys, in the

14 Federal student loan programs administered by the DOE.

15

16     88.      Based upon extensive audits of the Debtor conducted by the DOE and as a direct

17 result of Michael's actions and inactions, the DOE now alleges that the Debtor owes the DOE at

18 least $11,223,503.53.  Plaintiff is informed and believes and, based thereon, alleges that the Debtor,

19 while controlled by Michael, submitted false and fraudulent documents to the DOE, failed to

20 adequately maintain books and records for the Debtor, failed to segregate and account for the

21 disposition of Federal moneys received by the Debtor and engaged in other misconduct.

22

23     89.      Plaintiff is informed and believes and, based thereon, alleges that Michael's

24 actions and inactions constituted breaches of fiduciary duties owed to the Debtor by Michael, as an

25 officer, director and person in control of the Debtor.

26

27     90.      Plaintiff is informed and believes and, based thereon, alleges that, in taking actions

28 and failing to take actions, the Defendants acted maliciously and with the specific intention of

1  defrauding and damaging the Debtor for the pecuniary benefit of the Defendants and, in fact, the

2  Defendants did defraud and damage the Debtor as alleged herein.

3

4      91.     Plaintiff is informed and believes, and based thereon, alleges that by reason of

5  Michael's breaches of fiduciary duties owed to the Debtor, the Trustee is entitled to a judgment for

6  money against the Defendants according to proof, as general damages, in an amount which is not

7  less than $11,979,988.53 ($11,223,503.53 plus $756,485.00), plus punitive damages in the amount

8  of $5,000,000.00.

9

10                    **THIRTEENTH CLAIM FOR RELIEF**

11                       [For Breaches Of Fiduciary Duties]

12

13      92.     Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

14  and all of the allegations of Paragraphs 1 through 35, inclusive, Paragraphs 70, 71, 73, 74, 75, 77,

15  78, 79, 81, 82, 83 and Paragraphs 85 through 88, inclusive, of this Complaint.

16

17      93.     Plaintiff is informed and believes and, based thereon, alleges that Michael, as an

18  officer, director and person in control of the Debtor, owed fiduciary duties to the Debtor including,

19  without limitation, a duty not to engage in self-dealing, a duty of loyalty to the Debtor and a duty to

20  make sure that the business and transactions of the Debtor were handled by competent

21  professionals and others.

22

23      94.     Plaintiff is informed and believes and, based thereon, alleges that Michael, as an

24  officer, director and person in control of the Debtor, breached his fiduciary duties to the Debtor by

25  causing the Debtor to, among other things, sell the Accounts to Michael, sell the Tangible Assets to

26  numerous buyers and make the Subject Transfers.

27

28      95.     Plaintiff is informed and believes and, based thereon, alleges that, in breaching his

1  fiduciary duties to the Debtor, as alleged herein, Michael acted maliciously, with the specific

2  intention of defrauding and damaging the Debtor for the pecuniary benefit of the Defendants and,

3  in fact, the Defendants did defraud and damage the Debtor as alleged herein.

4

5      96.      Plaintiff is informed and believes and, based thereon, alleges that, based upon

6  Michael's breaches of fiduciary duties as alleged herein, the Trustee is entitled to a judgment for

7  money against the Defendants in an amount according to proof, as general damages, plus

8  $5,000,000.00 as punitive damages.

9

10                    **FOURTEENTH CLAIM FOR RELIEF**

11                    [For Legal Malpractice/Negligence]

12

13      97.      Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

14  and all of the allegations of Paragraphs 92, 93 and 94, of this Complaint.

15

16      98.      Plaintiff is informed and believes and, based thereon, alleges that, by reason of

17  Michael serving as an attorney at law for, and on behalf of, the Debtor, whether as Michael's then

18  existing or past client, and whether then acting as the attorney or as the former attorney for the

19  Debtor, Michael owed duties to the Debtor including, without limitation, the duties to carefully and

20  competently advise VSE to comply with applicable law in engaging in all of its business operations

21  and transactions, a duty to make certain that the Debtor had the assistance of independent legal

22  counsel and other professionals, as well as a duty to avoid conflicts of interest with VSE and a duty

23  of loyalty to VSE.

24

25      99.      Plaintiff is informed and believes and, based thereon, alleges that, as alleged

26  herein, Michael, as an attorney at law, negligently and in violation of Michael's duties, failed to

27  competently advise VSE in connection with its business operations and transactions, failed to make

28  certain that VSE had the benefit of independent legal counsel and other competent professionals, as

1  well as breached his duty to avoid conflicts of interest with VSE and breached his duty of loyalty to

2  VSE, so that the Trustee is entitled to recover damages from Michael in an amount according to

3  proof.

4

5  **FIFTEENTH CLAIM FOR RELIEF**

6  [Interference With Contracts]

7

8      100.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

9  and all of the allegations of Paragraphs 1 through 35, inclusive, and 85 through 88, inclusive, of

10  this Complaint.

11

12      101.    Plaintiff is informed and believes and, based thereon, alleges that, by reason of

13  Defendants' wrongful actions and inactions as herein alleged, the Defendants interfered with and

14  damaged the value of the Debtor's Tuition Contracts with VSE's students.

15

16      102.    Plaintiff is informed and believes and, based thereon, alleges that, by Michael's

17  actions and inactions as alleged herein, Michael acted maliciously with the specific intention of

18  defrauding and damaging the Debtor for the pecuniary benefit of the Defendants and, in fact, the

19  Defendants did defraud and damage the Debtor, as alleged herein.

20

21      103.    Plaintiff is informed and believes and, based thereon, alleges that, based upon

22  Michael's interference with the Tuition Contracts, the Trustee is entitled to a money judgment

23  against the Defendants in an amount according to proof, as general damages, plus punitive damages

24  of $5,000,000.00.

25

26

27

28

1

## SIXTEENTH CLAIM FOR RELIEF

2

[For Money Judgment To Avoid Unjust Enrichment]

3

4    104.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

5    and all of the allegations in Paragraphs 1 through 103, inclusive, of this Complaint.

6

7    105.    Plaintiff is informed and believes and, based thereon, alleges that, by reason of the

8    Defendants' wrongful conduct, as alleged herein, the Trustee is entitled to a judgment for money

9    against the Defendants, in an amount according to proof, to prevent the unjust enrichment of the

10    Defendants.

11

12

## SEVENTEENTH CLAIM FOR RELIEF

13

[For Injunctive Relief]

14

15    106.    Plaintiff refers to and, by this reference, fully incorporates and alleges herein each

16    and all of the allegations of Paragraphs 1 through 105, inclusive, of this Complaint.

17

18    107.    Plaintiff is informed and believes and, based thereon, alleges that the Defendants

19    continue their wrongful conduct by, among other things, their ongoing efforts to collect on the

20    Accounts of the Debtor, which constitute property of the Estate, the Defendants' ignoring the

21    provisions of Section 362 of the Code and other applicable law, as well as the Defendants' ignoring

22    the Trustee's Cease and Desist Demand, so that the Plaintiff has no adequate remedy at law as

23    against the Defendants for such conduct.

24

25    108.    Plaintiff is informed and believes and, based thereon, alleges that the Defendants'

26    ongoing wrongful conduct is causing irreparable harm to Plaintiff by creating the risk that the value

27    of the Accounts and other property of the Estate, over which the Defendants are exercising control,

28    may be lost or diminished.

1340783.3  1514744A                                          22

109.    The risk of hardship to the Defendants by enjoining the ongoing wrongful conduct of the Defendants is much less than the risk of hardship to the Trustee and to the Estate by the absence of such injunctive relief.

110.    Plaintiff is entitled to injunctive relief, on a preliminary and permanent basis, prohibiting the Defendants from engaging in their ongoing or threatened misconduct by, among other things, collecting on, or otherwise disposing of, the Accounts or any other property of the Estate, or the proceeds of same, as well as directing the Defendants to forthwith deliver to the Trustee all information concerning the Accounts and all other property of VSE in the possession or under the control of the Defendants together with all proceeds of such property whether in cash or otherwise.

## **PRAYER**

WHEREFORE, the Plaintiff prays for entry of orders and judgment of this Court granting to the Plaintiff the following relief as against the Defendants:

a.    Upon The First Claim For Relief:  A judicial determination that ownership of the Accounts was never transferred by the Debtor to anyone and that the Accounts and their proceeds are property of the Estate;

b.    Upon The Second Claim For Relief:  A judicial directive requiring Defendants to provide the Trustee with accurate and complete accountings concerning the Accounts and the Tangible Assets;

c.    Upon The Third Claim For Relief:  A judicial directive requiring the Defendants to turn over to the Trustee any and all information, in whatever form, in the possession of, or under the control of, the Defendants, concerning the Accounts and the

1    Tangible Assets together with all proceeds thereof, whether cash or otherwise;

2

3    d.    Upon The Fourth Claim For Relief:  A judicial award of money damages, in an

4    amount according to proof, in favor of the Trustee and against the Defendants;

5

6    e.    Upon The Fifth Claim For Relief:  A judicial award of money, in an amount

7    according to proof, in favor of the Trustee and against the Defendants based upon

8    the value of the Accounts as of the dates of the Bills of Sale;

9

10    f.    Upon The Sixth Claim For Relief And The Seventh Claim For Relief, And Each Of

11    Them:  A judicial award of money, in an amount according to proof, in favor of the

12    Trustee and against the Defendants based upon the value of the Accounts as of the

13    dates of the Bills of Sale;

14

15    g.    Upon The Eighth, Ninth, Tenth And Eleventh Claims For Relief, And Each of

16    Them:  A judicial award of money, in an amount according to proof, in favor of the

17    Trustee and against the Defendants based upon the value of the Accounts as of the

18    dates of the Bills of Sale;

19

20    h.    Upon The Twelfth Claim For Relief:  A judicial award of general damages in the

21    amount of at least $11,979,988.53 ($756,485.00 plus $11,223,503.53) in favor of the

22    Trustee and against the Defendants, plus $5,000,000.00 as punitive damages;

23

24    i.    Upon The Thirteenth Claim For Relief:  A judicial award of money, in an amount

25    according to proof, in favor of the Trustee and against the Defendants, as general

26    damages, plus an award of $5,000,000.00 as punitive damages;

27

28    j.    Upon The Fourteenth Claim For Relief:  A judicial award of money, in an amount

1    according to proof, in favor of the Trustee and against Michael as general damages

2    for professional negligence, conflicts of interest and breaches of duties by an

3    attorney at law with regard to the attorney's client and ex-client, VSE;

4

5    k.    Upon The Fifteenth Claim For Relief:  A judicial award of money, in an amount

6    according to proof, as general damages, in favor of the Trustee and against the

7    Defendants as general damages based upon the Defendants' interference with the

8    Tuition Contracts, plus an award of $5,000,000.00 as punitive damages;

9

10    l.    Upon The Sixteenth Claim For Relief:  A judicial award of money, in an amount

11    according to proof, in favor of the Trustee and against the Defendants to prevent

12    unjust enrichment of the Defendants;

13

14    m.    Upon The Seventeenth Claim For Relief:  Injunctive relief as against the Defendants

15    to mitigate, as well as prevent, future damage to the Estate; and,

16

17    n.    On Each And All Of The Claims For Relief:  (i) For Plaintiff's reasonable attorneys'

18    fees; (ii) For costs of suit; and, (iii) For such other and further relief as this Court

19    may determine to be just and proper.

20

21    Dated, at Los Angeles, California, on this **24TH** day of June, 2016.

22

23                                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

24

25                        By    _Michael A. D'Alba_____

26                                MICHAEL G. D'ALBA
                                Attorneys for the Plaintiff, Richard K. Diamond, as
27                                Chapter 7 Trustee

28

EXHIBIT 1

## BILL OF SALE

By this Bill of Sale Video Symphony EnterTraining, Inc. ("Seller" or "VS") hereby grants, sells, transfers, conveys, and delivers all of its rights, title, and interest in certain student accounts receivable, to Mike Flanagan, an individual ("Buyer" or "Flanagan") for good and proper consideration, as more fully described below.

1. **Purchase Price.** Buyer shall pay to Seller $800,000, payable as follows:

   a. $700,000 by means of escrow proceeds from Buyer's sale of the apartment building located at 627 E. Providencia, Burbank, CA 91501 being paid directly to Community Bank for payment in part of Seller's line of credit with Community Bank. Buyer and Seller both acknowledge that the balance of Seller's line of credit at Community Bank exceeds $700,000. Seller represents that Seller will direct that the $700,000 be used immediately to pay down Seller's line of credit; and

   b. $100,000 by means of check payable to Video Symphony by July 15, 2014.

2. **Accounts Receivables Defined.** The accounts receivables Seller is buying must meet two criteria:
   a. VS students who sign an enrollment agreement to enroll in a VS vocational certificate program. "Singles" students who do not sign an enrollment agreement and who, thus, pay in advance for classes at VS are not included in any receivables contemplated by this Bill of Sale; and.

   b. VS students who enrolled in a program that started prior to July 1, 2013.

   Entitlement to any monies owed to VS by any student who meets those two criteria are hereby transferred to Buyer, whether the monies are owed for an open student account or for a private student loan ("PSL") originated by VS with the student.

3. **Context of Sale.** Seller is in imminent need of cash due to debilitating cashflow constraints placed on it by the U.S. Department of Education ("DOE") that has limited VS's ability to obtain payment of the Federal Student Aid that VS's students are otherwise entitled to. VS has received only three of 11 expected monthly payments since being placed on Heightened Cash Monitoring ("HCM2") by the DOE. Seller has not succeeded in obtaining sufficient funding from other sources to provide assurance that it will continue to operate. Buyer is providing essential funding to VS in absence of any other source. Seller believes that the fair market value of Seller's accounts receivables, with various aging and probabilities of collection, approximates the purchase price.

4. **No Conflict of Interest.** The officers and directors of Seller have determined that the sale of a substantial portion of Seller's accounts receivable by Buyer, a company insider, does not present a conflict of interest, due to the fair market value being paid and Seller's imminent need for outside funding.

5. **Continued Participation by Video Symphony in Collecting.** Seller agrees to grant Buyer permanent non-exclusive access to any student data (including all legal files, financial aid files, and financial and accounting records) essential or desirable to aid with collection of the accounts receivables. In the event Seller ceases to operate, Buyer may

opt to become the custodian of said student data. Seller also assents to the use of its company name and resources for said purposes. Buyer shall pay any collections or legal costs that buyer deems appropriate.

Date: June 15, 2014

By:

Mike Flanagan, President, Video
Symphony EnterTraining, Inc. ("Seller")

Mike Flanagan, an individual ("Buyer")

EXHIBIT 2

## BILL OF SALE

By this Bill of Sale Video Symphony EnterTraining, Inc. ("Seller" or "VS") hereby grants, sells, transfers, conveys, and delivers all of its rights, title, and interest in certain student accounts receivable, to Mike Flanagan, an individual ("Buyer" or "Flanagan") for good and proper consideration, as more fully described below.

1. **Purchase Price**. Buyer shall pay to Seller $850,000, payable as follows:

   a. $850,000 by means of escrow proceeds from Buyer's sale of the apartment building located at 634 E. San Jose, CA 91501 being paid directly to Community Bank for payment of Seller's line of credit balance with Community Bank. Buyer and Seller both acknowledge that the balance of Seller's line of credit at Community Bank may vary minimally from $850,000 due to interest and fees. Seller represents that Seller will direct that the $850,000 be used immediately to pay down Seller's line of credit.

2. **Accounts Receivables Defined**. The accounts receivables Seller is buying must meet two criteria:

   a. VS students who sign an enrollment agreement to enroll in a VS vocational certificate program. "Singles" students who do not sign an enrollment agreement and who, thus, pay in advance for classes at VS are not included in any receivables contemplated by this Bill of Sale; and.

   b. VS students who enrolled in a program that started after July 1, 2013.

   Entitlement to any monies owed to VS by any student who meets those two criteria are hereby transferred to Buyer, whether the monies are owed for an open student account or for a private student loan ("PSL") originated by VS with the student.

3. **Context of Sale**. Seller is in imminent need of cash due to its recent cessation of its participation in the Federal Student Aid program directed by the U.S. Department of Education ("DOE") that has curtailed VS's ability to obtain payments from its students in sufficient volume and quickly enough to avoid bankruptcy. Seller has not succeeded in obtaining sufficient funding from any other source to provide assurance that it will meet its financial obligations. Buyer is providing essential funding to VS in absence of any other source. Seller believes that the fair market value of Seller's accounts receivables, with various aging and probabilities of collection, approximates the purchase price.

4. **No Conflict of Interest**. The officers and directors of Seller have previously determined that the sale of a substantial portion of Seller's accounts receivable by Buyer, a company insider, does not present a conflict of interest, due to the fair market value being paid and Seller's imminent need for funding.

5. **Continued Participation by Video Symphony in Collecting**. Seller agrees to grant Buyer permanent non-exclusive access to any student data (including all legal files, financial aid files, and financial and accounting records) essential or desirable to aid with collection of the accounts receivables. In the event Seller ceases to operate, Buyer may opt to become the custodian of said student data. Seller also assents to the use of its

company name and resources for said purposes. Buyer shall pay any collections or legal costs that Buyer deems appropriate.

Date: December 17, 2014

By:

_____
Mike Flanagan, President, Video
Symphony EnterTraining, Inc. ("Seller")

_____
Mike Flanagan, an individual ("Buyer")

00029

EXHIBIT 3

## VIDEO SYMPHONY ENTERTRAINING, INC.
## U.S.B.C. CASE NO: 2:15-bk-14744-BB
## SUPERIOR COURT LAWSUITS

| TITLE | FILING DATE | COURT |
|---|---|---|
| Video Symphony vs.Taylor, Tarrance | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Norierga, Juan Ramon | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Walker, Richard | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Taei, Zohreh | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Burruss, Jr., Carl A. | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Dupell, Durand | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Manley, Joshua | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Flores, Andy | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Guelzo, Jonah | 05/31/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Rivera, Rosana | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Acklin, Gregory | 08/25/2015 | Superior Court, Los Angeles County |
| Video Symphony vs. Tidwell, Linda | 03/25/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Carter, Ihsaan | 03/25/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Vasquez, Elvis B. | 03/25/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Biddle, Chinell C. | 03/25/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Cash, Mario L. | 04/07/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Tillman, Denise J. | 04/07/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Kircos, Michael S. | 04/07/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Meyer, Rex | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Valladares, Luis | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Carrasco, Frankie | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Fabre, Allison J. | 03/02/2016 | Superior Court, Los Angeles County |

## VIDEO SYMPHONY ENTERTRAINING, INC.
### U.S.B.C. CASE NO: 2:15-bk-14744-BB
### SUPERIOR COURT LAWSUITS

| TITLE | FILING DATE | COURT |
|---|---|---|
| Video Symphony vs. Ryan, Michael D. | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Carranza, Elder | 02/18/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Brewster, Darren | 02/182016 | Superior Court, Los Angeles County |
| Video Symphony vs. Saldana, Vincent | 02/182016 | Superior Court, Los Angeles County |
| Video Symphony vs. Bass, Donny Kaye | 03/02/2016 | Superior Court, Los Angeles County |
| Meyer, Rex vs. Video Symphony | 11/18/2015 | Superior Court, Los Angeles County |
| Video Symphony vs. Abdkader, Tariq | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Burton, Takeia T. | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Fleming, Kristie Marie | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Peak, Alan L. | 03/02/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Rice, Lance | 01/26/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Kutch, Rugene | 01/26/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Bennett, Sean | 01/26/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Williams, Devaughn | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Turner, Dawn A. | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Rivera, Rosana | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Thompson, Erol D. | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Rincon, Roger J. | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Hill, Meyghan | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Wilson, Zachary M. | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Proutian, Michael | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Ogunyode, Theo | 03/09/2016 | Superior Court, Los Angeles County |

# VIDEO SYMPHONY ENTERTRAINING, INC.
## U.S.B.C. CASE NO: 2:15-bk-14744-BB
### SUPERIOR COURT LAWSUITS

| TITLE | FILING DATE | COURT |
|---|---|---|
| Video Symphony vs. McGill, Jr., Luther Charles | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Merindino, Travis | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Greenfield, Reed | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Grabowski, Eric M. | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Englund, James Joseph | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Desper II, Warren H.D. | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Becerril, Ruby Celeste | 03/09/2016 | Superior Court, Los Angeles County |
| Video Symphony vs. Camonayan, Chloe | 11/10/2015 | Superior Court, Los Angeles County |
| Video Symphony vs. Wells, Frank | 11/10/2015 | Superior Court, Los Angeles County |
| Video Symphony vs. Villaneuva, Marcos | 11/10/2015 | Superior Court, Los Angeles County |
| Video Symphony vs. Fitzgerald, James | 11/10/2015 | Superior Court, Los Angeles County |
| Video Symphony vs. Buff, James | 12/14/2015 | Superior Court, Los Angeles County |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** RICHARD K. DIAMOND, as Chapter 7 Trustee | **DEFENDANTS** SEE ATTACHED LIST OF DEFENDANTS |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Michael G. D'Alba (State Bar No. 264403)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1900 Avenue of the Stars, 11th Floor<br>Los Angeles, California 90067-4402<br>Telephone: 310-277-0077 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only) | | **PARTY** (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☒ Creditor | ☒ Other |
| ☒ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
[1] Declaratory Relief as to Sales of Accounts Receivable; [2] Accounting; [3] Turnover of Estate Property Under 11 U.S.C. § 542; [4] Money Damages for Violations of Automatic Stay Under 11 U.S.C. § 105; [5] Avoidance of Unperfected Transfers Under 11 U.S.C. § 544(a); [6] Avoidance of Preferential Transfers Under 11 U.S.C. § 547; [7] Avoidance of Fraudulent Transfers and/or Avoidable Transactions Under 11 U.S.C. §§ 544(b), 548; [8] Money Damages for Breaches of Fiduciary Duties; [9] Money Damages for Legal Malpractice; [10] Money Damages for Interference with Contracts; [11] Recovery of Money to Avoid Unjust Enrichment;  [12] Injunctive Relief

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- [3] 12-Recovery of money/property - §547 preference
- [4] 13-Recovery of money/property - §548 fraudulent transfer
- [5] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability – §523(a)(5), domestic support
- [ ] 68-Dischargeability – §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability – §523(a)(8), student loan
- [ ] 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 16,979,988 |

Other Relief Sought  Damages for automatic stay violations, breaches of fiduciary duties, legal malpractice, and interference with contracts; recovery for unjust enrichment; injunctive relief.

B1040

## LIST OF DEFENDANTS

MICHAEL GERARD FLANAGAN, an individual, dba Debt Enforcement Law Group, dba Law Office of Mike Flanagan; MICHAEL GERARD FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; ALICE YICK FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; VIDEO SYMPHONY, LLC, a California limited liability company

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>VIDEO SYMPHONY ENTERTRAINING, INC. | BANKRUPTCY CASE NO.<br>2:15-bk-14744-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>SHERI BLUEBOND |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Michael A. D'Alba* | | |
| DATE<br><br>June 24, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>MICHAEL G. D'ALBA | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.