**POOLE & SHAFFERY, LLP**
David S. Poole (SBN 94690)
  dpoole@pooleshaffery.com
Samuel R.W. Price (SBN 255611)
  sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 439-5390
Facsimile:  (213) 439-0183

Attorneys for Defendants
MICHAEL GERARD FLANAGAN, an individual,
dba Debt Enforcement Law Group, dba Law Office
of Mike Flanagan;
MICHAEL GERARD FLANAGAN,
as trustee of The Michael and Alice Flanagan Family
Trust dated July 25, 2009;
ALICE YICK FLANAGAN,
as trustee of The Michael and Alice Flanagan Family
Trust dated July 25, 2009; and
VIDEO SYMPHONY, LLC,
a California limited liability company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VIDEO SYMPHONY ENTERTRAINING, INC., etc.,<br><br>         Debtor. | Case No.: 2:15-bk-14744-BB<br>[Chapter 7] |
| RICHARD K. DIAMOND, as Chapter 7 Trustee,<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL GERARD FLANAGAN, an individual, dba Debt Enforcement Law Group, dba Law Office of Mike Flanagan; MICHAEL GERARD FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; ALICE YICK FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; VIDEO SYMPHONY, LLC, a California limited liability company,<br><br>         Defendants. | Adv. No.: 2:16-ap-01294-BB<br><br>**DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>[Related to Docket No. 1] |

Defendants MICHAEL GERARD FLANAGAN, an individual, dba Debt Enforcement Law Group, dba Law Office of Mike Flanagan; MICHAEL GERARD FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; ALICE YICK FLANAGAN, as trustee of The Michael and Alice Flanagan Family Trust dated July 25, 2009; and VIDEO SYMPHONY, LLC, a California limited liability company (collectively, "Defendants"), answer the Complaint [Doc. # 1] filed herein by Plaintiff RICHARD K. DIAMOND, as Chapter 7 Trustee ("Plaintiff"), as follows:

1. In response to **paragraph 1**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, on information belief, Defendants admit the allegations therein.

2. In response to **paragraph 2**, Defendants admit the allegations therein.

3. In response to **paragraph 3**, Defendants admit the allegations therein.

4. In response to **paragraph 4**, Defendants admit the allegations therein.

5. In response to **paragraph 5**, Defendants admit the allegations therein.

6. In response to **paragraph 6**, Defendants admit the allegations therein.

7. In response to **paragraph 7**, Defendants admit the allegations therein.

8. In response to **paragraph 8**, the allegations constitute legal argument or legal conclusions, to which no response is required.

9. In response to **paragraph 9**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

10. In response to **paragraph 10**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

11. In response to **paragraph 11**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

12. In response to **paragraph 12**, the allegations constitute legal argument or legal

POOLE■SHAFFERY
400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

conclusions, to which no response is required.  To the extent that a response is required, Defendants deny each and every allegation therein.

13. In response to **paragraph 13**, the allegations constitute legal argument or legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny each and every allegation therein.

14. In response to **paragraph 14**, Defendants deny each and every allegation therein.

15. In response to **paragraph 15**, Defendants deny each and every allegation therein.

16. In response to **paragraph 16**, Defendants admit the allegations therein.

17. In response to **paragraph 17**, Defendants admit that Michael Flanagan ("Michael") was the President and a director of Debtor, but otherwise deny each and every allegation therein.

18. In response to **paragraph 18**, Defendants admit the allegations therein.

19. In response to **paragraph 19**, to the extent the allegations purport to reflect the terms of Exhibit "1," the document speaks for itself and no response is required.  To the extent that a response is required, Defendants admit the allegations therein.

20. In response to **paragraph 20**, the first sentence purports to restate the terms of Exhibit "1," and no response is requires as the document speaks for itself.  To the extent that a response to the first sentence is required, Defendants admit the allegations therein.  As to the second sentence, Defendants deny each and every allegation therein.

21. In response to **paragraph 21**, to the extent the allegations purport to reflect the terms of Exhibit "2," the document speaks for itself and no response is required.  To the extent that a response is required, Defendants admit the allegations therein.

22. In response to **paragraph 22**, the first sentence purports to restate the terms of Exhibit "2," and no response is requires as the document speaks for itself.  To the extent that a response to the first sentence is required, Defendants admit the allegations therein.  As to the second sentence, Defendants deny each and every allegation therein.  The third sentence contains no allegations requiring a response.

23. In response to **paragraph 23**, Defendants admit the allegations therein.

24. In response to **paragraph 24**, Defendants deny each and every allegation therein.

25. In response to **paragraph 25**, Defendants admit the allegations therein.

26. In response to **paragraph 26**, Defendants admit the allegations therein.

27. In response to **paragraph 27**, Defendants deny each and every allegation therein.

28. In response to **paragraph 28**, Defendants admit the allegations therein.

29. In response to **paragraph 29**, Defendants admit the allegations therein.

30. In response to **paragraph 30**, Defendants admit the allegations therein.

31. In response to **paragraph 31**, Defendants admit the allegations therein.

32. In response to **paragraph 32**, Defendants admit the allegations therein.

33. In response to **paragraph 33**, Defendants admit the allegations therein.

34. In response to **paragraph 34**, Defendants deny each and every allegation therein.

35. In response to **paragraph 35**, Defendants deny each and every allegation therein.

## **FIRST CLAIM FOR RELIEF**

36. In response to **Paragraph 36**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 35, inclusive, as if set forth herein.

37. In response to **paragraph 37**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants admit that the quoted text accurately reflects a portion of the statute cited, but otherwise deny each and every allegation therein.

38. In response to **paragraph 38**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants admit that Division 9 of the California Commercial Code ("UCC") applies to, among other things, a sale of "accounts," as that term is defined by the UCC and subject to numerous exceptions therein. Except as expressly admitted, Defendants deny each and every allegation therein paragraph 38.

39. In response to **paragraph 39**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants admit that UCC § 1201(35) defines "security interest" as including any interest of a buyer of accounts, as that term is defined in the UCC, in a transaction that is subject to Division 9

of the UCC, subject to numerous exceptions. Except as expressly admitted, Defendants deny each and every allegation therein paragraph 39.

40.   In response to **paragraph 40**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

41.   In response to **paragraph 41**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

42.   In response to **paragraph 42**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent that a response is required, Defendants admit that no financing statement was ever filed in connection with the sales of the "Accounts." Except as expressly admitted, Defendants deny each and every allegation therein.

43.   In response to **paragraph 43**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

44.   In response to **paragraph 44**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

45.   In response to **paragraph 45**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

46.   In response to **paragraph 46**, Defendant admits that a controversy exists as between the Plaintiff, on the one hand, and the Defendants, on the other hand, concerning the ownership of the Accounts and their proceeds. Except as expressly admitted, Defendants deny each and every allegation therein.

## SECOND CLAIM FOR RELIEF

47.   In response to **paragraph 47**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 46, inclusive, as if set forth herein.

1  48.  In response to **paragraph 48**, the allegations constitute legal argument or legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny each and every allegation therein.

49.  In response to **paragraph 49**, the allegations constitute legal argument or legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny each and every allegation therein.

### THIRD CLAIM FOR RELIEF

50.  In response to **paragraph 50**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 49, inclusive, as if set forth herein.

51.  In response to **Paragraph 51**, the allegations constitute legal argument or legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny each and every allegation therein.

### FOURTH CLAIM FOR RELIEF

52.  In response to **paragraph 52**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 51, inclusive, as if set forth herein.

53.  In response to **paragraph 53**, the allegations constitute legal argument or legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny each and every allegation therein.

### FIFTH CLAIM FOR RELIEF

54.  In response to **paragraph 54**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 53, inclusive, as if set forth herein.

55.  In response to **paragraph 55**, the allegations constitute legal argument or legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny each and every allegation therein.

### SIXTH CLAIM FOR RELIEF

56.  In response to **paragraph 56**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 55, inclusive, as if set forth herein.

57.  In response to **paragraph 57**, the allegations constitute legal argument or legal

1 conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

58. In response to **paragraph 58**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

59. In response to **paragraph 59**, Defendants deny each and every allegation therein.

60. In response to **paragraph 60**, Defendants deny each and every allegation therein.

61. In response to **paragraph 61**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

62. In response to **paragraph 62**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

## SEVENTH CLAIM FOR RELIEF

63. In response to **paragraph 63**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 62, inclusive, as if set forth herein.

64. In response to **paragraph 64**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

65. In response to **paragraph 65**, Defendant denies each and every allegation therein.

66. In response to **paragraph 66**, Defendant denies each and every allegation therein.

67. In response to **paragraph 67**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

68. In response to **paragraph 68**, the allegations constitute legal argument or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation therein.

**EIGHTH CLAIM FOR RELIEF**

69. In response to **paragraph 69**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 68, inclusive, as if set forth herein.

70. In response to **paragraph 70**, Defendants deny each and every allegation therein.

71. In response to **paragraph 71**, Defendants deny each and every allegation therein.

**NINTH CLAIM FOR RELIEF**

72. In response to **paragraph 72**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 71, inclusive, as if set forth herein.

73. In response to **paragraph 73**, Defendants deny each and every allegation therein.

74. In response to **paragraph 74**, Defendants deny each and every allegation therein.

75. In response to **paragraph 75**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

**TENTH CLAIM FOR RELIEF**

76. In response to **paragraph 76**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 75, inclusive, as if set forth herein.

77. In response to **paragraph 77**, Defendants deny each and every allegation therein.

78. In response to **paragraph 78**, Defendants deny each and every allegation therein.

79. In response to **paragraph 79**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

**ELEVENTH CLAIM FOR RELIEF**

80. In response to **paragraph 80**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 79, inclusive, as if set forth herein.

81. In response to **paragraph 81,** Defendants deny each and every allegation therein.

82. In response to **paragraph 82**, Defendants deny each and every allegation therein.

83. In response to **paragraph 83**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants

deny each and every allegation therein.

## TWELFTH CLAIM FOR RELIEF

84. In response to **paragraph 84**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 83, inclusive, as if set forth herein.

85. In response to **paragraph 85**, Defendants admit that Debtor was a participant in the Federal Student Aid (FSA) program, and that a portion, but not all, of the students borrowed money through the FSA program to pay for attendance at Debtor's school. Except as expressly admitted, Defendants deny the allegations therein.

86. In response to **paragraph 86**, Defendants admit that, as a participant in the FSA program, Debtor was obligated to comply, and act in conformity, with certain federal statutes and regulations. Except as expressly admitted, Defendants deny the allegations therein.

87. In response to **paragraph 87**, Defendants deny each and every allegation therein.

88. In response to **paragraph 88**, Defendants admit that the Department of Education alleges that the Debtor owes in excess of $11,000,000. Except as expressly admitted, Defendants deny each and every allegation therein.

89. In response to **paragraph 89**, Defendants deny each and every allegation therein.

90. In response to **paragraph 90**, Defendants deny each and every allegation therein.

91. In response to **paragraph 91**, to the extent the allegations constitute legal argument or legal conclusions, including damages claims, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

## THIRTEENTH CLAIM FOR RELIEF

92. In response to **paragraph 92**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 91, inclusive, as if set forth herein.

93. In response to **paragraph 93**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants admit that Michael Flanagan was an "officer, director and person in control of" Debtor, and that in such capacity, he owed certain duties to Debtor. Except as expressly admitted, Defendants deny each and every allegation therein.

POOLE SHAFFERY
400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

94. In response to **paragraph 94**, Defendants deny each and every allegation therein.

95. In response to **paragraph 95**, Defendants deny each and every allegation therein.

96. In response to **paragraph 96**, to the extent the allegations constitute legal argument or legal conclusions, including damages claims, no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

## FOURTEENTH CLAIM FOR RELIEF

97. In response to **paragraph 97**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 96, inclusive, as if set forth herein.

98. In response to **paragraph 98**, to the extent the allegations constitute legal argument or legal conclusions, no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

99. In response to **paragraph 99**, Defendants deny each and every allegation therein.

## FIFTEENTH CLAIM FOR RELIEF

100. In response to **paragraph 100**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 99, inclusive, as if set forth herein.

101. In response to **paragraph 101**, Defendants deny each and every allegation therein.

102. In response to **paragraph 102**, Defendants deny each and every allegation therein.

103. In response to **paragraph 103**, to the extent the allegations constitute legal argument or legal conclusions, including damages claims, no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

## SIXTEENTH CLAIM FOR RELIEF

104. In response to **paragraph 104**, Defendants hereby incorporate by reference all of the foregoing responses to paragraphs 1 through 103, inclusive, as if set forth herein.

105. In response to **paragraph 105**, the allegations constitute legal argument or legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

## SEVENTEENTH CLAIM FOR RELIEF

106. In response to **paragraph 106**, Defendants hereby incorporate by reference all of

the foregoing responses to paragraphs 1 through 105, inclusive, as if set forth herein.

107. In response to **paragraph 107**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

108. In response to **paragraph 108**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

109. In response to **paragraph 109**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

110. In response to **paragraph 110**, to the extent the allegations constitute legal argument or legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

## AFFIRMATIVE DEFENSES

111. Furthermore, Defendants allege the following affirmative defenses to each alleged claim for relief, and hereby reserve their right to amend this Answer to allege additional affirmative defenses that may later be ascertained during discovery:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

112. For a separate and distinct affirmative defense, it is hereby alleged that the Complaint, and each purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE
(Not Estate Property)

113. For a separate and distinct affirmative defense, it is hereby alleged that the property and assets at issue in the Complaint are not assets of the bankrupt Debtor's estate and, therefore, are not subject to turnover or avoidance.

### THIRD AFFIRMATIVE DEFENSE

(Perfection by Transfer)

114.  For a separate and distinct affirmative defense, it is hereby alleged that the transfers of property and assets at issue in the Complaint were perfected by the transfer of possession, and no financing statements are or were required to effectuate such transfers.

### FOURTH AFFIRMATIVE DEFENSE

(No Creditor Relationship)

115.  For a separate and distinct affirmative defense, it is hereby alleged that the transfers of property and assets at issue in the Complaint are not subject to avoidance because Defendants were not creditors of the Debtor and the transfers were not on account of antecedent debt.

### FIFTH AFFIRMATIVE DEFENSE

(Contemporaneous Exchange for New Value)

116.  For a separate and distinct affirmative defense, it is hereby alleged that the transfers of property and assets at issue in the Complaint are not subject to avoidance because such transfers were made for a contemporaneous exchange for new value.

### SIXTH AFFIRMATIVE DEFENSE

(Reasonably Equivalent Value)

117.  For a separate and distinct affirmative defense, it is hereby alleged that the transfers of property and assets at issue in the Complaint were made in exchange for fair consideration and reasonably equivalent value.

### SEVENTH AFFIRMATIVE DEFENSE

(Debtor Not Insolvent)

118.  For a separate and distinct affirmative defense, it is hereby alleged that the transfers of property and assets at issue in the Complaint were not made at a time when the Debtor was insolvent and such transfers did not make the Debtor insolvent.

### EIGHTH AFFIRMATIVE DEFENSE

(No Impact on Debtor's Capitalization)

119.  For a separate and distinct affirmative defense, it is hereby alleged that the transfers

of property and assets at issue in the Complaint did not impact on Debtor's capitalization or ability to pay debts as such debts matured.

### NINTH AFFIRMATIVE DEFENSE

(Fulfillment of Fiduciary Duties)

120. For a separate and distinct affirmative defense, it is hereby alleged that, to the extent Defendants owed any fiduciary duties to Debtor or anyone else, Defendants fulfilled, and acted in conformity with, all such fiduciary duties.

### TENTH AFFIRMATIVE DEFENSE

(Fault of Others)

121. For a separate and distinct affirmative defense, it is hereby alleged that Plaintiff's recovery against Defendants is barred, diminished, or reduced in that other person(s) and/or entity(ies) are in some manner responsible for, or at fault for, proximately causing the damage allegedly sustained by Plaintiff, and the damages, if any, should be apportioned in proportion to the relative fault, if any, of each such party.

### ELEVENTH AFFIRMATIVE DEFENSE

(Business Judgment Rule)

122. For a separate and distinct affirmative defense, it is hereby alleged that the actions complained of in the Complaint were undertaken through the exercise of Defendants' best business judgment and, therefore, Defendants cannot be held liable for such acts, actions, or omissions pursuant to the Business Judgment Rule.

### TWELFTH AFFIRMATIVE DEFENSE

(No Damage)

123. For a separate and distinct affirmative defense, it is hereby alleged that Plaintiff's claims are barred, diminished, or reduced because neither Plaintiff nor Debtor have sustained any loss, damage, harm or detriment in any amount.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Duplicative Claims)

124. For a separate and distinct affirmative defense, it is hereby alleged that Plaintiff's

recovery, if any, is barred, diminished, or reduced in that Plaintiff improperly prays for and seeks overlapping and duplicative recovery based on various claims against Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

125. For a separate and distinct affirmative defense, it is hereby alleged that Plaintiff's recovery against Defendants is barred, diminished, or reduced by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Setoff/Recoupment)

126. For a separate and distinct affirmative defense, it is hereby alleged that any recovery under the Complaint is barred, diminished, or reduced to the extent that Defendants are entitled to an offset, setoff and/or reduction as to any amount Plaintiff has already received or subsequently receives from other parties.

### **PRAYER**

WHEREFORE, Defendants pray for relief as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiff take nothing by reason of its Complaint;

3. For an award of costs, and other expenses according to proof; and

4. For such other and further relief as the Court may deem just and proper.

DATED: July 25, 2016    **POOLE & SHAFFERY, LLP**

By:  /s/ Samuel R.W. Price
    David S. Poole
    Samuel R.W. Price
Attorneys for Defendants

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
400 South Hope Street, Suite 1100, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **Defendants' Joint Answer to Plaintiff's Complaint**
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 25, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- i    Michael Jay Berger    michael.berger@bankruptcypower.com; yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
- i    Michael G D'Alba    mgd@dgdk.com, DanningGill@gmail.com; mdalba@ecf.inforuptcy.com
- i    Richard K Diamond (TR)    RKDTrustee@dgdk.com; rdiamond@ecf.epiqsystems.com; DanningGill@Gmail.com
- i    Howard Kollitz    HKollitz@DGDK.Com; DanningGill@gmail.com; hkollitz@ecf.inforuptcy.com
- i    United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 25, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1482 / Courtroom 1475
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 25, 2016 | Silvia Abrignani | */s/ Silvia Abrignani* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       **F 9013-3.1.PROOF.SERVICE**